[Crim. No. 30345. Second Dist., Div. Five. Sept. 5, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
CLEDETH GONZALES, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

H. Phillip McQuown, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**HASTINGS, J.**—In a trial by jury, the defendant Cledeth Gonzales, was found guilty of the crimes of kidnaping (Pen. Code, § 207) and robbery (Pen. Code, § 211). The jury further found that defendant used a firearm at the time of the commission of both offenses and that he was armed with a deadly weapon during the kidnaping. The People now appeal pursuant to Penal Code section 1238, subdivision (a)(5) from the order placing defendant on probation. The People contend that Penal Code section 1203.06[1] precludes a trial court from granting probation to a person who uses a firearm in the commission of a kidnaping and robbery.

---

[1]Insofar as it applies to this case, Penal Code section 1203.06 provides: "Notwithstanding the provisions of Section 1203:

"(a) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following reasons:

"(1) Any person who used a firearm during the commission or attempted commission

In *Tanner II* (*People* v. *Tanner,* 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328]) our Supreme Court in a four-three decision upheld the mandatory provisions of section 1203.06. It ruled that the section could not be avoided by employing section 1385 of the Penal Code that permits the court to strike the firearm use allegations. ▉ In our present case, the trial court did not strike the use findings, stating: "It is a fact that all findings relative to that subject (use of a firearm) by a jury are deemed stricken by a court that does not carry such a finding over into the judgment." The end result therefore was an avoidance of section 1203.06 in a manner held improper by *Tanner II.* For this reason the judgment must be reversed.

The reversal should require the trial court to resentence defendant Gonzales in accordance with section 1203.06. However, defendant Tanner was not returned for further sentencing because of the unique facts surrounding his case. The court determined that Tanner, having complied with his conditions of probation, including one year's stay in county jail, that a second incarceration would be unjust. Defendant Gonzales now argues that the same reasoning applies to him and he should not be required to serve further jail time.

*Tanner II* speaks only of the injustice that further sentencing would have on defendant Tanner and is silent concerning other defendants erroneously released on probation in violation of section 1203.06. Our reading of the opinion indicates that the court was concerned with Tanner's individual hardships caused by the unusual facts of the crime and the circumstances that followed. Early in the opinion the court sets forth the unique crime committed by Tanner, stating: "Defendant, having no prior criminal record, entered and robbed a retail store clerk of $40, using an unloaded handgun. Leaving, he instructed the clerk to sound an alarm and to notify police. Half an hour later, defendant was arrested in the vicinity of the store. At trial he explained he had committed the crime in an attempt to persuade the store owner to renew recently discontinued security services provided by defendant's employer." (*Id.,* p. 518.)[2] The court then addressed itself to the punishment,

---

of any of the following crimes:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(iii) Robbery, in violation of of Section 211.

"(iv) Kidnapping, in violation of Section 207."

[2]The court concluded, however, that the evidence supported the jury findings that Tanner possessed requisite criminal intent to commit the crime and to use the firearm. Therefore, the trial court was required to invoke the operation of section 1203.06.

stating: "However, given the unusual post-conviction manner in which the issue of judicial discretion has been presented and finally resolved, it follows Mr. Tanner should not necessarily be committed to prison. The uncertainty arising from the rule of law resulting in the trial court's erroneous disposition, has created both an unusual burden on defendant and a dilemma for this court. Simply put, is it not unfair to require Mr. Tanner to now serve a second term for his criminal act?" (*Id.*, p. 521.)

There is prior decisional authority from the Supreme Court requiring that a defendant be resentenced to jail after being erroneously placed on probation. In *People* v. *Warner,* 20 Cal.3d 678 [143 Cal.Rptr. 885, 574 P.2d 1237], defendant was sentenced to prison but execution of sentence was suspended and on recommendation of the probation officer, defendant was placed on probation. The Supreme Court reversed, holding that the probation officer's recommendation was not supported by the record and a trial court abuses its discretion if, after considering all of the circumstances, its grant of probation exceeds the bounds of reason. It held that the court was in error in granting probation and ordered defendant to return to court for further sentencing.[3] In light of this policy we do not believe *Tanner* II stands for a new and much different concept that it is always unjust to return a person to jail who had erroneously been placed on probation. As stated earlier, we believe the release of Tanner from further sentencing was a solution tailored to fit the special circumstances of his case. If the Supreme Court intended a different result it could have easily spelled it out. Or, of course, it can now do so if it disagrees with our analysis. In any event, we believe final declaration of such a broad rule of law should come from the Supreme Court.

In conclusion we believe there is merit to another argument propounded by the People. They claim a blanket policy that would release from further jail sentence all defendants erroneously placed on probation would negate in many situations the People's statutory right to appeal from the imposition of an improper sentence. The error has been made, but it cannot be rectified, therefore, an appeal is meaningless.

The order granting probation is reversed and the cause is remanded.

---

[3]The court noted that two years has passed since the defendant was placed on probation and that the court could consider defendant's record during that two-year period of time and if the facts had changed sufficiently to warrant probation. On the other hand, the opinion clearly indicates that if this was not the case defendant would be sentenced to a prison term.

Ashby, J., concurred.

KAUS, P. J.—I respectfully and very briefly dissent.

Does the net result of *Tanner II*—affirmance despite an illegal grant of probation—apply to other beneficiaries of the same error or does it not? Only the Supreme Court knows for sure.

Whatever the eventual rule turns out to be, it will be difficult to harmonize with some prior decision—the only question is "which": cases such as *People* v. *Warner* (1978) 20 Cal.3d 678 [143 Cal.Rptr. 885, 574 P.2d 1237], the majority's stumbling block, or *Tanner II*—my problem?

I am not sure that I could do any better than the majority if I attempted to reconcile an affirmance with *Warner,* but neither can I find a rational distinction between Tanner, Gonzales and any other defendant who should have been sentenced to prison but, for reasons deemed adequate by the trial court, was granted probation.

If I had my choice, I would find it easier to explain to Warner why his grant of probation became unglued and Gonzales' did not, than to unravel for Gonzales' benefit why he, but not Tanner, must go to prison. After all, in *Warner's* case the circumstances of the crime and the defendant's prior "sorry history" were such that the Supreme Court took the almost unprecedented step of holding that a grant of probation, although authorized by statute, was an abuse of discretion. On the other hand, in the case of any defendant who is granted probation in spite of a statutory prohibition—Tanner, Gonzales, whoever—it must be assumed that for reasons personal to that defendant, the trial court deemed him particularly worthy of leniency.

Respondent's petition for a hearing by the Supreme Court was denied November 1, 1979. Bird, C. J., Tobriner, J., and Newman, J., were of the opinion that the petition should be granted.