[No. D013980. Fourth Dist., Div. One. June 27, 1991.]

In re MARY LOERA HERNANDEZ on Habeas Corpus.

**COUNSEL**

Thomas W. Storey for Petitioner.

Daniel E. Lungren, Attorney General, Garrett Beaumont, Deputy Attorney General, William E. Janes, District Attorney, and Donal B. Donnelly, Deputy District Attorney, for Respondent.

**OPINION**

**TODD, J.**—Mary Loera Hernandez was convicted of three counts of violation of the Health and Safety Code[1] and sentenced on December 13, 1990. A notice of appeal was filed the following day. Hernandez sought bail pending appeal which was denied. She now petitions this court[2] arguing that the offenses of which she is convicted are not violent felonies under Penal Code[3] section 667.5, subdivision (c) and thus she is entitled to bail. We disagree that one is a danger to the community only if convicted of a section 667.5, subdivision (c) violent felony and deny the requested relief.

---

[1]The record does not state which section(s) of the code was violated. However, it appears clear from the reporter's transcript of the bail hearing that the charges were possession for sale and maintaining a place where narcotics were sold.

[2] Although filed as a petition for mandate, we treat the matter as a petition for habeas corpus.

[3]All statutory references are to the Penal Code unless otherwise specified.

Under section 1272, subdivision (3) the grant of bail in this case is a matter of discretion. Section 1272.1 sets out the criteria to be satisfied as follows:

"Release on bail . . . shall be ordered by the court if the defendant demonstrates all the following:

"(a) By clear and convincing evidence, the defendant is not likely to flee . . . .

"(b) By clear and convincing evidence, the defendant does not pose a danger to the safety of any other person or to the community.

"Under this subdivision the court shall consider, among other factors, whether the crime for which the defendant was convicted is a violent felony, as defined in subdivision (c) of Section 667.5.

"(c) The appeal is not for the purpose of delay and, based upon the record in the case, raises a substantial legal question which, if decided in favor of the defendant, is likely to result in reversal. . . ."

In addition to satisfying these three criteria the judge must also set out a statement of reasons sufficient to permit appellate review. (§ 1272.1, subd. (c); *In re Pipinos* (1982) 33 Cal.3d 189 [187 Cal.Rptr. 730, 654 P.2d 1257, 28 A.L.R.4th 205]; *In re Podesto* (1976) 15 Cal.3d 921 [127 Cal.Rptr. 97, 544 P.2d 1297].) Here the court stated:

"Ms. Hernandez, counsel, I think the central question is whether or not you pose a danger to the community or pose a danger to the safety of other persons pending appeal. You were convicted of the crime of possession for sale and maintaining a place where narcotics were, in fact, sold.

"I disagree with the conclusion of the probation department that you don't pose a threat. That was a summary conclusion reached by the probation department. I have no assurance. I don't believe there's been a clear and convincing showing made that you would not continue to sell. It would obviously be something very dangerous for you to do, but I don't believe a clear and convincing showing has been made.

"I'm going to deny the motion . . . ."

■ Petitioner argues that under section 1272.1, subdivision (b) the court can find that she is a danger to the community only if she is convicted of a

violent felony as enumerated in section 667.5, subdivision (c).[4] Drug offenses are not included in the enumerated list.[5] Here, says Hernandez, the trial court simply denied bail because it believed Hernandez had not shown by clear and convincing evidence that she would not continue to sell drugs. Hernandez suggests that such a burden is impossible to overcome.

Does section 1272.1, subdivision (b) limit the denial of bail to those convicted of violent offenses enumerated in section 667.5, subdivision (c)? The section reads in part:

"[T]he court shall consider *among other factors* whether the crime . . . is a violent felony . . . ." (Italics added.)

Since the type of crime is but one of the factors to be considered, it is clear that bail need not be automatically denied in all cases where a violent felony has been committed. Conversely, bail need not automatically be granted in those instances where the crime is not an enumerated violent one. Rather in each instance the court should look to the particular facts and circumstances of the case in order to assess whether the criteria enumerated in section 1272.1 are met. In so doing, it is the defendant's burden to make the showing by clear and convincing evidence and in determining whether the defendant poses a danger to others one of the factors to be considered is the type of crime and whether it is an enumerated violent felony.

---

[4] Included in this section are:

"(1) Murder or voluntary manslaughter.

"(2) Mayhem.

"(3) Rape . . . .

"(4) Sodomy by force, . . . or fear of . . . bodily injury . . . .

"(5) Oral copulation by force, . . . or fear of bodily injury . . . .

"(6) Lewd acts on a child under 14 . . . .

"(7) Any felony punishable by death or imprisonment in the state prison for life.

"(8) Any felony in which the defendant inflicts great bodily injury . . . or any felony in which the defendant uses a firearm which use has been charged and proved . . . .

"(9) Any robbery perpetrated in an inhabited dwelling house or trailer coach, . . . or in the inhabited portion of any other building, wherein it is charged and proved that the defendant personally used a deadly or dangerous weapon . . . .

"(10) Arson . . . .

"(11) The offense defined in subdivision (a) of Section 289 [penetration by foreign object] where the act is accomplished . . . by force, . . . or fear of . . . bodily injury . . . .

"(12) Attempted murder.

"(13) A violation of Section 12308 [exploding device with intent to murder].

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person."

[5] In addition, Hernandez says her earlier own recognizance release was based on the fact she has no prior record and the probation reports indicate she was not a danger. However, no supporting documents as to these assertions were included in the record to this court.

In considering the crime of selling drugs it is not one of the enumerated violent felonies. Although a convicted defendant's continuing criminal activity may in itself be sufficient to deny bail on appeal, the likelihood of the defendant's continuing criminal activity here is closely associated with crimes of violence.

Violence may erupt when disputes arise between sellers and buyers. Those involved in criminal activity often show evidence of having used drugs before or during their illegal acts. We take judicial notice of the report[6] that from January to March 1990, 80 percent of the male and 70 percent of the female arrestees in San Diego tested positive for drugs at the time of booking. A 1988 analysis of Chicago arrestees by charge showed that 76 percent of those arrested for assault, 66 percent of those arrested on weapons charges and 60 percent of those arrested for sexual assaults tested positive for drugs.[7] Thus, although the actual sale of drugs may not be violent, to overlook the close association of the sale of drugs to violent acts and criminal behavior is to deny reality. Further, and regardless of the potential for violence, the social ills resulting from the role of illicit drugs is well established and a continuation of this conduct could always merit denial of bail.

The court here found Hernandez did not carry her burden of showing by clear and convincing evidence that she would not continue to sell. From the reporter's transcript, the only evidence before this court, it appears that the probation hearing and sentencing report and the bail review report both said Hernandez was not a danger to the community. The trial court disagreed with what it called "a summary conclusion." ■ The trial court is not bound to follow the recommendations in the reports particularly where, as apparently was the case here, there is no factual support set out for the conclusions. The defendant did not carry her burden. The court did not abuse its discretion in denying bail.

The petition is denied.

Kremer, P. J., and Wiener, J., concurred.

---

[6]National Institute of Justice, Office of Justice Programs, United States Department of Justice, DUF: Drug Use Forecasting, January to March 1990 (Oct. 1990) pages 2-3.

[7]*Id.* at page 7.