Filed 6/16/25  P. v. Van CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085739 |
| v. | (Super.Ct.No. FCH01225) |
| TOAN QUOC VAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

Toan Quoc Van, in pro. per.; and Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Toan Quoc Van filed a motion for relief pursuant to Senate Bill No. 567, Assembly Bill No. 518, and Penal Code section 1170.18,[1] which the court denied.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and raising two potentially arguable issues: (1) whether the court erred in denying defendant's petition under section 1170.18, subdivision (f); and (2) whether the denial of a request for relief under section 1203.41, subdivision (a) constitutes an appealable order.[2]

We offered defendant the opportunity to file a personal supplemental brief, which he has done.[3] Defendant maintains his conviction for robbery should be redesignated as a misdemeanor, vacated, and/or expunged. Defendant also contends insufficient evidence supported his plea. We affirm.

---

[1] All further statutory references are to the Penal Code.

[2] The court did not deny defendant's request under section 1203.41, because defendant never moved to withdraw his plea. Nevertheless, Appellate Defenders, Inc., sent this court a letter effectually requesting this court's help in determining whether the matter was appealable. This court issued an order determining the matter was appealable. (See *Teal v. Superior Court* (2014) 60 Cal.4th 595, 599-601 [appealability not dependent on merits of underlying claim].)

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## I.  PROCEDURAL BACKGROUND

The People charged defendant by information with eight counts of robbery (§ 211, counts 1-8) and nine counts of false imprisonment (§ 236, counts 9-17).  The People additionally alleged that in his commission of all 17 offenses, defendant personally used a handgun (former § 12022.5, subd. (a)).

On December 4, 1995, defendant pled no contest to one count of robbery (count 1).  In return, on the People's motion, the court dismissed the remaining counts and allegations.  Pursuant to the plea agreement, the court sentenced defendant to the low term of three years in prison.[4]

On July 26, 2024, defendant filed a motion for relief under Senate Bill No. 567, Assembly Bill No. 518, and section 1170.18.  Defendant asserted that there was insufficient evidence to support his conviction and that his conviction should be reduced to a misdemeanor, expunged, or vacated.  The court denied the request asserting it did not have jurisdiction to consider it.

## II.  DISCUSSION

Defendant contends his conviction for robbery should be designated a misdemeanor, vacated, and/or expunged.[5]  He maintains insufficient evidence supported his guilty plea.  We disagree.

---

[4] Defendant was to serve the sentence concurrently to that imposed in another case in Orange County.

[5] Defendant's contention that his conviction should be vacated or expunged was unaccompanied by citations to authority or argument below.  Defendant similarly fails to

*[footnote continued on next page]*

"A person who . . . was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction [in] their case to request resentencing . . . ." (§ 1170.18, subd. (a).)

Robbery is not one of the offenses enumerated in section 1170.18 as eligible for reduction; defendant incorrectly asserts in his motion for resentencing that, "Robbery is no longer a crime of violence." (§ 667.5, subd. (c) ["'[V]iolent felony' means any of the following: . . . (9) Any Robbery."].) Thus, he is not entitled to relief pursuant to section 1170.18.

With respect to defendant's challenge to the sufficiency of the evidence, defendant's plea, in and of itself, constitutes substantial evidence that he committed the offense to which he pled. (*People v. McGuire* (1993) 14 Cal.App.4th 687, 697, fn. 12 [plea concedes all elements of offense, establishing sufficiency of the evidence of guilt]; *People v. Maultsby* (2012) 53 Cal.4th 296, 304-305, fn. 6.) Moreover, defendant forfeited any challenge to the plea by failing to file a motion to withdraw it and/or appeal from the judgment. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412-1413.)

---

develop any such argument on appeal. "'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as [forfeited], and pass it without consideration. [Citations.]' [Citations] This principle is especially true when an appellant makes a general assertion, unsupported by specific argument . . . . [Citation.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 793; accord *People v. Earp* (1999) 20 Cal.4th 826, 894.) We therefore hold that defendant has forfeited any argument that his conviction should be vacated or expunged.

4

Furthermore, section 1170.18 does not afford defendant "a new opportunity to . . . attack the sufficiency of the evidence . . . ."  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal."].)

Finally, defendant is not entitled to relief under Senate Bill No. 567 or Assembly Bill No. 518 because he was sentenced to the low term and was convicted of only one offense, i.e., the court sentenced defendant to the least potential term of imprisonment based on his conviction.  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 ["Senate Bill No. 567 amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. [Fn. omitted.]"]; *People v. Mani* (2022) 74 Cal.App.5th 343, 351 [Assembly Bill No. 518 amended section 654 to afford sentencing courts discretion to sentence defendant to a lesser term of the offenses for which defendant was convicted.].)  Thus, the court properly denied defendant's motion.

### III.  DISPOSITION

The order denying defendant's motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.