[No. A029074. First Dist., Div. Four. Dec. 23, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
BENJAMIN R. PACHECO, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Ronald E. Niver and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Appellant.

Peter L. Dodd for Defendant and Respondent.

**OPINION**

**CHANNELL, J.**—Penal Code section 1203.07,[1] subdivision (a)(3) provides that probation "shall not be granted" to a person convicted of selling heroin who has been previously convicted of selling a controlled substance. (See Health & Saf. Code, § 11352.) Citing section 1385, the trial judge struck respondent Benjamin R. Pacheco's two prior conviction allegations

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

and granted him probation. ■ The People appeal,[2] contending that the Legislature intended the mandatory language of section 1203.07 to preclude a trial court from exercising section 1385[3] discretion to strike prior convictions and grant probation. We agree.

## I. Facts

Pacheco was charged by information with two counts of sale of heroin. (Health & Saf. Code, § 11352.) The information alleged that the sales occurred in Alameda County during 1983 and that he had been convicted twice before of selling controlled substances. (*Ibid.*)

Pacheco pled guilty to both counts and admitted the two priors. Over the prosecutor's objection, the trial judge struck the prior convictions and granted Pacheco probation. The People appeal.

## II. The Legislature Intended the Language of Penal Code Section 1203.07 to Be Mandatory

■ The introductory language of section 1203.07 is identical to that of section 1203.06.[4] In *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328], the California Supreme Court held that the language of section 1203.06 vitiates a trial court's discretion to strike prior conviction allegations pursuant to section 1385. Citing *Tanner,* appellate courts have come to the same result in cases arising under section 1203.07. (*People* v. *Ibarra* (1980) 114 Cal.App.3d 60, 65-66 [170 Cal.Rptr. 440]; *People* v. *Cooper* (1979) 95 Cal.App.3d 844, 854 [157 Cal.Rptr. 348].)

---

[2]The People filed a timely appeal (Cal. Rules of Court, rule 1) and, although their authority to appeal is limited, we may review an order striking a prior under section 1238, subdivision (a)(1) or (a)(6). (*People* v. *Burke* (1956) 47 Cal.2d 45, 53-54 [301 P.2d 241], disapproved on other grounds in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641], in turn overruled on other grounds in *People* v. *Tenorio* (1970) 3 Cal.3d 89, 91 [89 Cal.Rptr. 249, 473 P.2d 993] [subd. (a)(1)]; *People* v. *Gaines* (1980) 112 Cal.App.3d 508, 512-514 [169 Cal.Rptr. 381] [subd. (a)(6)].)

[3]Section 1385 provides: "The judge . . . may, . . . in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

[4]Section 1203.07 provides: "(a) Notwithstanding the provisions of Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons . . . ."

Section 1203.06 provides: "Notwithstanding the provisions of Section 1203: [¶] (a) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons . . . ."

Nevertheless, Pacheco contends that the Legislature did not specifically intend to bar section 1385 discretion to strike prior conviction allegations for selling heroin pursuant to section 1203.07. Respondent offers no explanation for the identical language used in both sections 1203.06 and 1203.07; instead, he suggests that a comparison of the Legislative Counsel's summaries of sections 1203.06 (Legis. Counsel's Dig., Sen. Bill No. 278) (1975-1976 Reg. Sess.) and 1203.07 (Legis. Counsel's Dig., Sen. Bill No. 268) (1975-1976 Reg. Sess.) supports his conclusion. He contends that it is significant that the legislative documents discussing section 1203.06 use the term "without exception" while those analyzing section 1203.07 do not.[5] On this basis, he concludes that the Legislature did not intend section 1203.07 to preclude a trial court from exercising its section 1385 discretion to strike prior conviction allegations.[6]

We disagree. The Legislature need not use any "magic words," as long as its intent is clear. The Legislature clearly intended section 1203.07 to be mandatory. The Legislative Counsel's summary of section 1203.07 (Sen. Bill No. 268) plainly states: "This bill *prohibits* granting probation or suspending the execution or imposition of sentence . . . [Italics added.]" (Legis. Counsel's Dig., Sen. Bill No. 268 (1975-1976 Reg. Sess.) [see appen. A, *infra*].) This statement follows an explanation that the then-current law provided for probation. The Senate Committee memorandum prepared for section 1203.07 provides that granting of probation would be "*absolutely prohibited*" by section 1203.07.[7] (See appen. B, *infra,* original italics.) After signing section 1203.07 into law, Governor Edmund G. Brown, Jr., issued a press release stating that, as with section 1203.06 he had signed earlier that week, section 1203.07 provides mandatory prison sentences for selling heroin. (Governor's Press Release (Sept. 26, 1975) No. 293.) Having examined these documents we conclude that section 1203.07 was intended to eliminate a trial court's section 1385 discretion to strike allegations or findings of a defendant's ineligibility for probation.

---

[5]The Legislative Counsel's summary and Senate Judiciary Committee's staff memorandum for section 1203.07 (Sen. Bill No. 268) are set out in appendix A and appendix B, *infra.*

[6]Pacheco's additional contention that the identical introductory clauses, "Notwithstanding the provisions of Section 1203," do not mean the same thing because section 1203 contained language to which only section 1203.06 logically referred back, is without merit. Both sections 1203.07 and 1203.06 were introduced as amendments to section 1203 and the introductory clause in both sections refer back to their origin. (See 1 Sen. J. (Jan. 23, 1975) (1975-1976 Reg. Sess.) pp. 261-262.)

[7]Parenthetically, both Senate Bill No. 268 (now § 1203.07) and Senate Bill No. 278 (now § 1203.06) were introduced on January 23, 1975, as amendments to Penal Code section 1203. Both followed a similar course through the Legislature (Sen. Final Hist. (1975-1976 Reg. Sess.), pp. 156, 161), and both were enacted the same week—September 23, 1975 (Sen. Bill No. 278) and September 26, 1975 (Sen. Bill No. 268).

### III. *PEOPLE* v. *TANNER* AND ITS PROGENY HAVE NOT BEEN OVERRULED SUB SILENTIO

Pacheco also contends that *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029] and *People* v. *Marsh* (1984) 36 Cal.3d 134 [202 Cal.Rptr. 92, 679 P.2d 1033] and their progeny overruled *People* v. *Tanner, supra,* sub silentio and uphold section 1385 discretion, when specific statutory language does not bar its use. We disagree. *Williams* and *Marsh* specifically affirm *Tanner* and state that clear legislative intent precludes use of section 1385 in other contexts. (*People* v. *Williams, supra,* 30 Cal.3d at p. 483; *People* v. *Marsh, supra,* 36 Cal.3d at p. 143.)

The *Tanner* statute (§ 1203.06) involves the same context—ineligibility for probation—and uses identical language as the section at issue in this appeal. (See *People* v. *Ibarra, supra,* 114 Cal.App.3d at pp. 65-66; *People* v. *Cooper, supra,* 95 Cal.App.3d at p. 854.) Pacheco cites cases that arise in other contexts.[8] If we conclude that section 1203.07 is not mandatory, the Legislature would have intended merely to admonish trial courts not to grant probation liberally. Such a meaningless interpretation is not consistent with *Tanner* nor the rules of statutory construction. (*People* v. *Tanner, supra,* 24 Cal.3d at p. 520; *Nasser* v. *Superior Court* (1984) 156 Cal.App.3d 52, 58 [202 Cal.Rptr. 552].) Thus, we conclude that *Tanner* has not been overruled sub silentio and controls this case.

Even if the law allowed the trial court discretion to grant Pacheco probation, this case would have to be remanded. ■ Section 1385 requires the trial court to state reasons for exercising discretion (see fn. 3, *ante*) and failure to do so is reversible error. (*People* v. *Price* (1984) 151 Cal.App.3d 803, 818 [199 Cal.Rptr. 99].) Because the trial judge gave no reason for granting Pacheco probation, this would be grounds for a remand. Also, our independent review of the record shows that, over the prosecutor's objection, the trial judge failed to adequately admonish and obtain waivers in proper form for Pacheco's admission of prior convictions. (See *In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561].) This is another reason requiring us to remand.

---

[8]*People* v. *Williams, supra,* 30 Cal.3d 470 reviewed striking special circumstance findings to allow the possibility of parole under sections 190-190.5; *People* v. *Marsh, supra,* 36 Cal.3d 124 reviewed striking ransom and bodily harm findings to provide youth authority eligibility under section 209; *People* v. *Price, supra,* 151 Cal.App.3d 803 reviewed staying imposition of a weapon use enhancement for additional punishment under sections 1170.1, subdivision (i) and 12022.3; *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27] reviewed striking prior conviction enhancements under section 667. None of these cases concern striking allegations or findings to afford an otherwise ineligible defendant probation; *Tanner* did.

## IV. Disposition

The record is not clear whether Pacheco had a reasonable expectation that, if he pleaded guilty, the trial judge would strike the prior convictions and grant him probation. Accordingly, we remand with instructions that the trial court conduct a hearing to determine whether Pacheco's guilty plea was based upon such a reasonable expectation. If, after the hearing, the trial court determines that Pacheco's guilty plea was so based, then he must be given an opportunity to withdraw his guilty plea and further proceedings may then be had as appropriate. In any event, Pacheco must be advised of his rights concerning the prior convictions before he may admit them. If, after admonishment, proper waivers are obtained, then Pacheco must be sentenced according to law.

The cause is reversed and remanded.

Poché, Acting P. J., and Sabraw, J., concurred.

---

## Appendix A

Ch. 1087 (SB 268) Robbins. Probation and sentences.

Under existing law persons possessing for sale, selling or offering to sell heroin to adults may be granted probation or may have suspended the execution or imposition of sentence for a conviction therefor except where the person was previously convicted of a felony involving controlled substances.

This bill prohibits granting probation or suspending the execution or imposition of sentence of any person with one or more specified prior convictions or any person convicted of possessing for sale, selling or offering to sell ½ ounce or more of a substance containing heroin, and makes related changes.

This bill also deletes an existing provision, which is inoperative, relative to the requirement of the concurrence of the district attorney for the grant of probation in certain cases.

Existing law requires persons convicted of, among other things, possession, transportation, importation, and sale of specified controlled substances to be punished by a minimum term of imprisonment not to exceed a specified maximum with ineligibility for parole until after a certain period of time.

This bill would remove such parole ineligibility.

Existing law provides that time spent by a person in confinement in a diagnostic facility of the Department of Corrections be credited [on] the term of imprisonment in state prison, if any, to which the person is sentenced.

This bill would specifically include within such provision time spent by a person as an outpatient or inpatient of the California Rehabilitation Center.

## Appendix B

Senate Committee on Judiciary                                     1975-76 Regular Session

SB 268 (Robbins)
As amended March 5
Penal Code

### Probation and Sentencing
### —Dealing in Heroin—

#### History

Source: Attorney General

Prior Legislation: SB 237 (1973)—held in
                   Assembly Committee on
                   Criminal Justice

Support: Calif. D.A.'s & P.O.'s Ass'n.

Opposition: No Known

#### Digest

*Heroin*

Prohibits the granting of probation to, or the suspension of sentence for, any person convicted of possessing for sale, selling, or offering to sell heroin.

Requires that such facts as would make a person ineligible for probation for dealing in heroin must be alleged in the indictment or information, and either admitted by the defendant in court or found to be true by the jury or, in certain cases, by the judge.

*Other Cases*

Requires that, when a court grants probation in a case in which it is ordinarily denied, on the statutory grounds that it would serve "the interests of justice," the court specify on the record the circumstances indicating that the interests of justice would best be served by the granting of probation.

Deletes an existing provision, which has been held to be unconstitutional, relating to the requirement of the concurrence of the district attorney for the granting of probation in certain cases.

#### Purpose

Prohibit the granting of probation to persons convicted of dealing in heroin.

Require documentation of the grounds for granting probation in certain other cases.

#### Comment

1. Section 1203 of the Penal Code prohibits the granting of probation in certain cases, primarily those involving prior felony convictions, use of a deadly weapon, or willful infliction of great bodily injury. All crimes for which probation is prohibited by Section 1203, however, are subject to exceptions, in "unusual cases" where probation would serve "the interests of justice."

   This bill would *absolutely prohibit* the granting of probation to, or suspension of sentence for, any person convicted of possessing for sale, selling, or offering to sell heroin.

   What Effect Will This Bill Have Upon the Criminal Justice System? Will All Defendants Charged With Crimes for Which Probation Cannot Be Granted Demand Trials Instead of Pleading Guilty in Return for a Limited Sentence and Subsequent Probation?

2. The most recent figures available from the Bureau of Criminal Statistics concerning persons convicted of dealing in heroin are from 1972 (Since the adoption of the Uniform

Controlled Substances Act by California, these figures are not available).

Of those persons convicted for the sale of heroin in 1972, 60% were given probation or probation and jail.

Of those persons convicted for possession of heroin for sale in 1972, 48% were given probation.

3. As discussed above, all cases for which probation is currently prohibited by Section 1203 are subject to an exception for "unusual cases" where probation would serve "the interests of justice."

   This bill requires that, in such "unusual cases" where a judge chooses to grant probation, he must specify in the record the circumstances indicating that the interests of justice would best be served by the granting of probation.

4. In its present form, Section 1203 requires the concurrence of the district attorney before a court can grant probation to persons convicted of certain crimes. This provision has been held to be invalid as an unconstitutional violation of separation of powers.

   This bill would delete this provision since it is no longer operative.