[No. A035263. First Dist., Div. Five. Sept. 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL ALBERT COWAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication with the exception of the Facts and parts II and III.

**COUNSEL**

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ann K. Jensen and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

HANING, J.—Defendant/appellant Paul Albert Cowan appeals his conviction by jury trial for lewd and lascivious acts with a child under age 14 (Pen. Code, § 288, subd. (a)).[1] The trial court found allegations of bodily injury (§ 1203.066, subd. (a)(2)) and substantial sexual conduct with a victim under the age of 11 (§ 1203.066, subd. (a)(8)) to be true. He contends, inter alia, that the trial court was without jurisdiction to reinstate the section 1203.066 allegations after having previously dismissed them on its own motion under section 1385.

We affirm, concluding that the trial court correctly determined that its original dismissal of the section 1203.066 allegations was an act in excess of its jurisdiction, and that the reinstatement was proper.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

FACTS *

. . . . . . . . . . . . . . . . . . . . . .

### I.

During jury selection appellant waived jury trial on the section 1203.066, subdivisions (a)(2) and (a)(8), allegations. After the jury reached its verdict and before making any findings on the allegations, the trial court granted appellant's request to strike the allegations on its own motion under section 1385. The order was entered November 26, 1985, the matter was referred to the probation department, and sentencing was set for December 23, 1985. On December 16, 1985, the People filed a "Motion to Reconsider and to Vacate Order Dismissing 1203.066 Allegations." It was the People's position that such action was prohibited by the language of section 1203.066 itself as well as by *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328] and "subsequent related cases." This motion was granted on December 23, 1985, and the order was vacated. On December 27, 1985, the trial court found the allegations true. ▪ Appellant contends the trial court had discretion under section 1385 to strike the allegations before they were found true, and lacked jurisdiction to reinstate them.

Section 1203.066 states, in pertinent part: "(a) Notwithstanding Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for any of the following persons: . . . (2) A person who caused bodily injury on the child victim in committing a violation of Section 288. . . . (8) A person who in violating Section 288 has substantial sexual conduct with a victim under the age of 11 years. . . . (d) The existence of any fact which would make a person ineligible for probation under subdivision (a) shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury."

Section 1385, subdivision (a) states: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the

---

*See footnote, *ante,* page 756.

minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

Appellant argued, and the trial court initially agreed, that the *Tanner* rationale was inapplicable to a dismissal on the court's own motion before findings had been made. In *Tanner,* the Supreme Court held that "when proper findings invoking the operation of section 1203.06 have been made, the mandatory provisions of that section may not be avoided by employing section 1385 to strike either the allegations of the complaint or the findings of the jury." (*People* v. *Tanner, supra,* 24 Cal.3d at p. 519.)

Section 1203.06 states, in pertinent part: "Notwithstanding the provisions of Section 1203: (a) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons . . . ." *Tanner* noted that "whereas section 1385 is general in nature, relating to the broad scope of dismissal, section 1203.06 is specific, relating to the limited power of dismissal for purposes of probation—the very matter at issue. Section 1203.06 is the later enactment, adopted by the Legislature in response to the particular problem at hand. A specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates. [Citations.]" (*Id.,* at p. 521.)

Similar reasoning has been applied to prohibit the dismissal of allegations under section 1203.07, which has mandatory language identical to that of section 1203.06. *People* v. *Ibarra* (1980) 114 Cal.App.3d 60, 66 [170 Cal.Rptr. 440] held that the court has "no discretion [under section 1385] to strike the . . . allegation [of possessing more than one-half ounce of heroin for sale] in order to make defendant eligible for probation." (See also *People* v. *Pacheco* (1985) 176 Cal.App.3d 100 [221 Cal.Rptr. 369].) A similar ruling in relation to section 1203.065 was made in *People* v. *Hesslink* (1985) 167 Cal.App.3d 781 [213 Cal.Rptr. 465].

Unlike sections 1203.06, 1203.065, and 1203.07, section 1203.066 specifically prohibits the use of section 1385 to strike its allegations, thereby expressly reinforcing the *Tanner* rationale. The courts cannot circumvent the clear statutory requirement by striking the allegation before a finding is formally made, and denying the prosecution at least an initial attempt to prove it.

Thus, the original ruling striking the allegations was an act in excess of the trial court's jurisdiction, and its correction of the error was compelled. (See *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) ▇ Imposition of "a sentence not

authorized by law . . . [is] subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court." (*People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289]; see also *Wilson* v. *Superior Court* (1980) 108 Cal.App.3d 816, 818-819 [166 Cal.Rptr. 795], and cases cited therein.)

## II., III.*

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

Affirmed.

Low, P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 22, 1987.

---

*See foonote, *ante,* page 756.