[No. D016290. Fourth Dist., Div. One. Mar. 17, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
CHRISTOPHER JAMES McGUIRE, Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Frederick R. Millar, Jr., Holley A. Hoffman, Deputy Attorneys General, Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle, Paul M. Morley and Craig E. Fisher, Deputy District Attorneys, for Plaintiff and Appellant.

Kevin C. McLean, under appointment by the Court of Appeal, for Defendant and Appellant.

**OPINION**

**KREMER, P. J.**—Defendant Christopher James McGuire pleaded guilty to transporting methamphetamine (Health & Saf. Code, § 11379), possessing methamphetamine for sale (Health & Saf. Code, § 11378), being under the

influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), driving a vehicle under the influence of a drug (Veh. Code, § 23152, subd. (a)), and giving false information to a peace officer (Pen. Code, § 148.9, subd. (a)).[1] McGuire also admitted a prior conviction for violating Health and Safety Code section 11378. The court sentenced McGuire to 16 months in prison. McGuire appeals, contending the court erred in determining it lacked authority to place him on probation. McGuire also contends the court erred in entering convictions for both driving under the influence and the assertedly necessarily included offense of being under the influence. McGuire further contends the court violated section 654 in imposing sentence for both those convictions. We affirm the judgment.

The People appeal an order under section 1272, subdivision 3, granting McGuire bail on appeal. Asserting there was no substantial legal question on the issue whether the court had authority to strike the prior conviction finding and grant McGuire probation, the People contend the superior court abused its discretion in granting McGuire bail. We affirm the order.

## I

### FACTS

On the evening of July 29, 1991, a highway patrol officer stopped McGuire for driving at excessive speed and making numerous lane changes. McGuire gave the officer a false name and age. McGuire appeared to be under the influence of a controlled substance. A search of McGuire's car revealed 18.3 grams of methamphetamine. Also found were an active pager (containing some methamphetamine), a digital scale, pay-and-owe sheets, a voice mail phone card, and various phone numbers.

## II

### SUPERIOR COURT PROCEEDINGS

In January 1992 the People filed an amended information charging five counts and alleging McGuire had a prior conviction for violating Health and Safety Code section 11378 within the meaning of section 1203.07, subdivision (a)(11).[2] McGuire pleaded guilty to all five counts and admitted the prior conviction.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 1203.07, subdivision (a), provides: "Notwithstanding Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons: . . . [¶] (11) Any person convicted of violating Section 11351, 11351.5, or 11378 of the Health and Safety Code by possessing for sale cocaine base,

At sentencing, the court stated it wanted to grant McGuire probation but was precluded from doing so by section 1203.07, subdivision (a)(11).[3] The court then denied McGuire probation and sentenced him to prison for a total of 16 months.[4] McGuire appeals.

Later the court granted McGuire bail on appeal. The People appeal the order granting bail.

### III

### McGUIRE'S APPEAL

### A

*Court Lacked Authority to Place McGuire on Probation*

McGuire contends the superior court erred in determining section 1203.07, subdivision (a)(11), eliminated its section 1385 discretion to strike the prior conviction finding and grant him probation.[5] Citing *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029] and *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], McGuire contends the court had power under section 1385 to strike the finding of his prior conviction because the Legislature assertedly did not intend section 1203.07, subdivision (a)(11), to negate such power.[6] McGuire asserts the legislative history of section 1203.07, subdivision (a)(11), demonstrates the Legislature intended that courts would retain section 1385

---

cocaine, or methamphetamine, or convicted of violating Section 11352 or 11379 of the Health and Safety Code, by selling or offering to sell cocaine base, cocaine, or methamphetamine and who has one or more convictions for violating Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, or 11379.5 of the Health and Safety Code. . . ."

[3]The court said: "I find that I have no discretion to strike the allegation under 1203.07. If I had such discretion I would strike it because there is good cause to strike that allegation and place this man on probation."

[4]The court stayed imposition of sentence for transporting methamphetamine (Health & Saf. Code, § 11379). The court imposed a 16-month lower term for possessing methamphetamine for sale (Health & Saf. Code, § 11378); a concurrent 90-day term for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); a concurrent 120-day term for driving under the influence (Veh. Code, § 23152, subd. (a)); and a concurrent 90-day term for giving false information to a peace officer (§ 148.9, subd. (a)).

[5]Under section 1385, subdivision (a), the court may order an action dismissed in furtherance of justice.

[6]In *People* v. *Williams, supra,* 30 Cal.3d 470, the Supreme Court stated "the mere use of mandatory language in [a] statute does not indicate that section 1385 is inapplicable. If it did, there would [be] no need to consider the legislative history or intent. Therefore, section 1385 is applicable in the absence of a specific indication by the Legislature to the contrary." (*Id.* at p. 483.)

In *People* v. *Fritz, supra,* 40 Cal.3d 227, the Supreme Court characterized *People* v. *Williams, supra,* 30 Cal.3d 470, as sending "an unmistakable signal to drafters of sentencing

authority because the Legislature assertedly considered and rejected clear language which would have eliminated such authority.[7] McGuire also notes the Legislature did not amend section 1385 to preclude its application to strike a prior conviction finding with respect to section 1203.07, subdivision (a)(11). However, we conclude in enacting section 1203.07, subdivision (a)(11), the Legislature intended to eliminate the court's discretion under 1385 to strike a prior conviction finding for the purpose of rendering a defendant eligible for probation.

Case law is not helpful to McGuire's position. (*People* v. *Pacheco* (1985) 176 Cal.App.3d 100 [221 Cal.Rptr. 369]; *People* v. *Ibarra* (1980) 114 Cal.App.3d 60 [170 Cal.Rptr. 440]; *People* v. *Cooper* (1979) 95 Cal.App.3d 844 [157 Cal.Rptr. 348].) In *People* v. *Cooper, supra,* the appellate court held the trial court correctly considered itself bound by section 1203.07 to deny probation. (95 Cal.App.3d at p. 854.) Citing *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328], which held section 1203.06 prohibited the court from exercising its section 1385 discretion to strike an allegation precluding probation, the appellate court in *Cooper* stated: "Try as we might, we are unable to distinguish the mandatory language of Penal Code section 1203.06 from the identical language in section 1203.07." (*People* v. *Cooper, supra,* 95 Cal.App.3d at p. 854.)

In *People* v. *Ibarra, supra,* 114 Cal.App.3d 60, the appellate court stated: "The People are correct in their contention that the trial court exceeded its power when it struck the section 1203.07 allegation. The mandatory language of section 1203.07 is identical to that of section 1203.06 considered in

provisions of the need to include clear language eliminating a trial court's section 1385 authority whenever such elimination is intended. *Williams* explains that absent a clear expression of legislative intent in this regard, a sentencing statute will not be construed to abrogate a trial court's general section 1385 power to strike. [Citation.]" (*Id.* at p. 230.)

[7]McGuire cites the original draft of Assembly Bill No. 1667 (AB 1667) from the Legislature's 1989-1990 Regular Session which would have amended Health and Safety Code section 11370 to prohibit a court from striking specified prior conviction findings. The draft provided: "No finding bringing a defendant within the provisions of this section shall be stricken pursuant to Section 1385 of the Penal Code." The Legislative Counsel's Digest stated: "Existing law also provides that probation shall not be granted to, nor shall the execution or imposition be suspended for persons previously convicted of specified controlled substance offenses. [¶] This bill would provide that no finding of a prior conviction pursuant to those provisions shall be stricken."

AB 1667 was later redrafted to amend section 1203.07 instead of Health and Safety Code section 11370. The express language prohibiting striking a finding under section 1385 was deleted. Also deleted was the Legislative Counsel's Digest's statement the bill would provide no prior conviction finding could be stricken.

Citing *People* v. *Ruby* (1988) 204 Cal.App.3d 462 [251 Cal.Rptr. 339], a legislative analysis of AB 1667 noted current law "will not preclude a court from striking priors for the express purpose of avoiding the prohibition against probation in an appropriate case. Penal Code Section 1385 allows courts to dismiss or strike allegations which, if proven, would enhance punishment for alleged criminal conduct."

*People* v. *Tanner* (1979) 24 Cal.3d 514 [citation]. Under the *Tanner* reasoning the trial court had no discretion to strike the one-half ounce allegation in order to make defendant eligible for probation. (See *People* v. *Cooper* (1979) 95 Cal.App.3d 844, 854 [157 Cal.Rptr. 348].)" (*Id.* at pp. 65-66, fn. omitted.)

McGuire discounts *People* v. *Cooper, supra,* 95 Cal.App.3d 844, and *People* v. *Ibarra, supra,* 114 Cal.App.3d 60, because those cases did not analyze legislative history. However, in *People* v. *Pacheco, supra,* 176 Cal.App.3d 100, the appellate court conducted a review of various documents demonstrating section 1203.07's legislative history and concluded the Legislature "clearly intended" the statutory language to be mandatory. (176 Cal.App.3d at pp. 102-104.) The appellate court stated: "Having examined these documents we conclude that section 1203.07 was intended to eliminate a trial court's section 1385 discretion to strike allegations or findings of a defendant's ineligibility for probation." (*Id.* at p. 103.) We find *Pacheco* persuasive.

■ The Legislature "is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. [Citation.] Where a statute is framed in language of an earlier enactment on the same or an analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction. [Citation.]" (*People* v. *Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].) ■ Thus, in adding subparagraph (11) to section 1203.07, subdivision (a), in 1989, the Legislature is deemed to have been aware of the case law—*People* v. *Pacheco, supra,* 176 Cal.App.3d 100; *People* v. *Ibarra, supra,* 114 Cal.App.3d 60; and *People* v. *Cooper, supra,* 95 Cal.App.3d 844—holding section 1203.07 prohibited courts from striking prior conviction findings for purposes of granting probation. (*People* v. *Harrison, supra,* at p. 329.) The Legislature is also deemed to have adopted that judicial construction of section 1203.07. (*People* v. *Harrison supra,* at p. 329.) Hence, we conclude the Legislature intended section 1203.07, subdivision (a)(11), to eliminate the trial court's section 1385 discretion to strike a prior conviction finding to render a defendant eligible for probation.

Further, McGuire's citation to the abandoned proposed amendment to Health and Safety Code section 11370 misses the point. The legislative history shows that instead of amending Health and Safety Code section 11370 the Legislature chose to add another subdivision to section 1203.07, a statute already construed to prohibit exercise of section 1385 discretion. An analysis of AB 1667 prepared for the Senate Committee on Judiciary stated: "Existing law (Penal Code Sec. 1203.07) has been construed to prohibit a court from striking the allegation that the prior offense occurred in order to overcome the prohibition of probation. *People* v. *Ibarra* (1980) 114

Cal.App.3d 60, 170 Cal.Rptr.440. *People v. Pacheco* (1985) 176 Cal.App.3d 100, 221 Cal.Rptr.369. Therefore, the prohibition of probation under the bill is likely to be construed as *absolute* with the court having *no discretion."* (Italics in original.)

The legislative history also indicates the original purpose of the statutory change was to overcome our holding in *People* v. *Ruby, supra,* 204 Cal.App.3d 462. In *Ruby* the defendant was convicted of possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)) with a prior possession conviction within the meaning of Health and Safety Code section 11370, subdivision (a). We concluded the trial court erred in believing it lacked discretion to strike the prior conviction allegation. (204 Cal.App.3d at p. 464.) We stated "there [was] no express legislative intent either in the statutory language or its legislative history to preclude the exercise of judicial discretion under Penal Code section 1385." (*Id.* at p. 465.) An analysis of AB 1667 prepared for the Assembly Committee on Public Safety stated AB 1667's purpose was "to re-implement the statutes that prevent serious, repeat drug offenders from being eligible for probation." In commenting on the need for the bill, the analysis stated: "The Court of Appeal has held in *People v. Ruby* (1988) 204 Cal.App.3d 462 [251 Cal.Rptr. 339] that the *Cortez [In re Cortez* (1971) 6 Cal.3d 78 (98 Cal.Rptr. 307, 490 P.2d 819)] rationale also is applicable to the current statute [Health & Saf. Code § 11370]. Review has been denied by the California Supreme Court."

In sum, the superior court properly determined section 1203.07, subdivision (a) (11), eliminated its discretion under section 1385 to strike the prior conviction finding and place McGuire on probation.[8]

B

*McGuire Was Properly Convicted of Both Being Under the Influence and Driving Under the Influence*

 McGuire pleaded guilty to being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and driving a vehicle under the influence of a drug (Veh. Code, § 23152, subd. (a)).[9] Asserting both crimes were based upon his use of methamphetamine, McGuire contends the court could not properly enter convictions on both counts. McGuire

---

[8]Since nothing in the record suggests McGuire had a reasonable expectation if he pleaded guilty the court would strike his admission of the prior conviction and grant him probation, we decline McGuire's request to remand the matter to give him the opportunity to withdraw his guilty plea. (*People* v. *Pacheco, supra,* 176 Cal.App.3d at p. 105.)

[9]Health and Safety Code section 11550, subdivision (a), provides in relevant part: "No person shall use, or be under the influence of any controlled substance [including

contends his being under the influence of methamphetamine was a necessarily included lesser offense of driving under the influence of methamphetamine and thus his conviction for that lesser offense should be reversed. However, we find no error.

■ "An offense is necessarily included within a charged offense 'if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' [Citation.]" (*People* v. *Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577].) ■ McGuire acknowledges under the statutory language a violation of Vehicle Code section 23152, subdivision (a), may occur without violating Health and Safety Code section 11550. McGuire also acknowledges the existence of case law not helpful to his position. (*Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723 [140 Cal.Rptr. 897]; *People* v. *Davalos* (1987) 192 Cal.App.3d Supp. 10, 13 [238 Cal.Rptr. 50].) Further, the language of the amended information does not describe the Vehicle Code offense in such a way that if committed as alleged the Health and Safety Code offense was necessarily committed. (*People* v. *Toro*, *supra*, 47 Cal.3d at p. 972.)[10] However, citing evidence from the preliminary hearing, McGuire contends under the facts here both violations involved the same methamphetamine.

McGuire's written plea indicated he pleaded guilty to the "face" of the amended information and admitted being "under the influence and driving under the influence." McGuire's appellate attack on his conviction on the assertedly necessarily included lesser offense amounts to an impermissible attack on the validity of his plea because he has not complied with section 1237.5's requirements of filing a written statement under oath "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and obtaining from the trial court a certificate of

---

methamphetamine] except when administered by or under the direction of a person licensed by the state to dispense, prescribe, or administer controlled substances."

Vehicle Code section 23152, subdivision (a), provides: "It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle."

[10]The amended information alleged: "On or about July 29, 1991 CHRISTOPHER JAMES McGUIRE did willfully and unlawfully use and become under the influence of a controlled substance, in violation of HEALTH AND SAFETY CODE SECTION 11550(a)." The amended information also alleged: "On or about July 29, 1991 CHRISTOPHER JAMES McGUIRE did willfully and unlawfully, while under the influence of a drug, drive a vehicle, in violation of VEHICLE CODE SECTION 23152(a)."

probable cause for his appeal. (*People* v. *Zamora* (1991) 230 Cal.App.3d 1627, 1633 [282 Cal.Rptr. 100].)[11]

Further, in any event, in pleading guilty McGuire admitted the factual underpinnings of his convictions. ▮▮▮▮▮ Thus, his contention the record does not demonstrate the existence of an adequate factual basis for his guilty pleas must fail. (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr. 572]; *People* v. *Brown* (1971) 18 Cal.App.3d 1052, 1055 [96 Cal.Rptr. 476].)[12]

## C

### *No Sentencing Error*

▮▮ Section 654 provides in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." McGuire contends the court violated section 654 by imposing sentences both for driving under the influence and being under the influence. We disagree.

▮▮ "[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. [Citation.] Whether a course of conduct is indivisible

---

[11]In *People* v. *Zamora, supra,* 230 Cal.App.3d 1627, the appellate court stated: "Here, in asserting that the record does not demonstrate the existence of an adequate factual basis for his guilty pleas, defendant is attacking the validity of those pleas." (*Id.* at p. 1633.)

California Rules of Court, rule 31(d), provides section 1237.5's requirements of a statement by the defendant and a certificate of probable cause by the trial court do not apply where an appeal from a judgment of conviction entered upon a guilty plea "is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, . . ." Rule 31(d)'s exceptions are inapplicable to McGuire's attack on the propriety of his convictions for both being under the influence and driving under the influence.

All rule references are to the California Rules of Court unless otherwise specified.

[12]In *People* v. *Turner, supra,* 171 Cal.App.3d 116, the appellate court stated "a guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility . . . ." (*Id.* at p. 125.)

In *People* v. *Brown, supra,* 18 Cal.App.3d 1052, the appellate court stated a defendant "cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 of the Penal Code. [Citation.]" (*Id.* at p. 1055.)

depends upon the intent and objective of the actor. [Citation.] If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. [Citation.]" (*People* v. *Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].) However, where, as here, the defendant " 'entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct.' [Citation.]" (*People* v. *Butler* (1986) 184 Cal.App.3d 469, 472-473 [229 Cal.Rptr. 103].) "Whether the defendant held 'multiple criminal objectives is primarily a question of fact for the trial court, whose finding will be upheld on appeal if there is any substantial evidence to support it.' [Citations.]" (*People* v. *Galvan* (1986) 187 Cal.App.3d 1205, 1218 [232 Cal.Rptr. 410].) We must "view the evidence in a light most favorable to the respondent and presume in support of the order the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" (*People* v. *Holly* (1976) 62 Cal.App.3d 797, 803 [133 Cal.Rptr. 331].)

*People* v. *Davalos, supra,* 192 Cal.App.3d Supp. 10, is instructive. In *Davalos* the jury convicted the defendant of driving while under the influence of phencyclidine (PCP) (Veh. Code, § 23152, subd. (a)) and using or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (b)). The trial court imposed a separate sentence for each offense. In affirming the judgment, the appellate department of the superior court held "each charge was a separate punishable offense and did not constitute a single course of conduct for which multiple punishment was improper." (*Id.* at p. Supp. 12.) The court stated the defendant was "unable to isolate the single criminal objective essential to defendant's analysis. [Citation.] He does not contend that he ingested PCP with the objective of driving under the influence or that he drove with the objective of being under the influence of PCP." (*Id.* at p. Supp. 13.) The court also noted "an examination of the purposes for the enactment of section 11550 and section 23152 shows that the goals of each differ, and that punishment for only one offense may not satisfy these goals. The object of section 11550, which prohibits using or being under the influence of a controlled substance, is to protect the individual by proscribing the use which may be an activating part of the process of drug abuse or addiction. [Citation.] The object of section 23152 is to protect members of the public who use the highways from those who have impaired their ability to drive as the result of substance use. [Citation.]" (*Id.* at p. Supp. 14.) The court concluded: "When defendant ingested the PCP, he was in violation of section 11550 prohibiting the use of a controlled substance. Once he was under the influence of the PCP, as defined by the Vehicle Code, and proceeded to drive his car, he committed an additional separate and distinct offense for which he was subject to further punishment." (*Ibid.*)

██ The evidence reasonably supports a finding of a divisible course of conduct based upon McGuire's intent and objective. (*People v. Galvan, supra*, 187 Cal.App.3d at p. 1218; *People v. Butler, supra*, 184 Cal.App.3d at pp. 473-474; *People v. Holly, supra*, 62 Cal.App.3d at p. 803.) McGuire told the probation officer he snorted one line of methamphetamine about three hours before being stopped by the highway patrol officer. Thus, when McGuire ingested methamphetamine, he violated Health and Safety Code section 11550, subdivision (a), prohibiting being under the influence of a controlled substance. Once McGuire was under the influence of methamphetamine and later proceeded to drive his car, he committed an additional separate and distinct offense for which further punishment was proper. (*People v. Davalos, supra*, 192 Cal.App.3d Supp. 10 at p. Supp. 14.)

In sum, the trial court did not err in sentencing McGuire for both being under the influence and driving under the influence.

## IV

### THE PEOPLE'S APPEAL

The superior court granted McGuire bail on appeal under section 1272, subdivision 3.[13] The court found by clear and convincing evidence McGuire was not likely to flee. (§ 1272.1, subd. (a).) The court also found McGuire did not pose a danger to the community or to the safety of others under the circumstances of his release on bail. (§ 1272.1, subd. (b).) The court further found McGuire's appeal raised a substantial legal question and was not for the purpose of delay. (§ 1272.1, subd. (c).)

██ Asserting there was no substantial legal question on the issue whether section 1203.07, subdivision (a)(11), eliminated the court's power to strike the prior conviction finding and place McGuire on probation, the People contend the superior court abused its discretion in granting him bail pending appeal. We affirm the order granting bail.

### A

#### *Appealability*

In March 1992 we summarily denied the People's petition for an extraordinary writ arising from the order granting McGuire bail on appeal. (*People*

---

[13]Section 1272 provides in relevant part: "After conviction of an offense not punishable with death, a defendant who has made application for probation or who has appealed may be admitted to bail: . . . [¶] 3. As a matter of discretion in all other cases, except that a person convicted of an offense subject to this subdivision, who makes a motion for release on bail subsequent to a sentencing hearing, shall provide notice of the hearing on the bail motion to the prosecuting attorney at least five court days prior to the hearing."

v. *Superior Court* (*McGuire*) (Mar. 25, 1992) D016352 [nonpub. opn.].) The People then filed notice of appeal.

■ The People contend their appeal is authorized under section 1238, subdivision (a)(5). That statute permits the People to appeal "[a]n order made after judgment, affecting the substantial rights of the people." (*Ibid.*) The People assert the order granting McGuire bail pending appeal substantially affects their right to be secure from the dangers of convicted felons released into society. We conclude the People may properly appeal the order.

Preliminarily, we note the statutory scheme contemplates review of an order granting bail pending appeal. Section 1272.1 provides in relevant part: "In making its decision on whether to grant defendants' motions for bail under subdivision (3) of Section 1272, the court shall include a brief statement of reasons in support of an order granting or denying a motion for bail on appeal. The statement need only include the basis for the order with sufficient specificity to permit meaningful review." Further, rule 32(b) provides: "An application to the reviewing court for bail or to reduce bail on an appeal pending therein shall be made on such notice to the district attorney and the Attorney General as the court may determine, and shall include a showing that proper application for bail or a reduction of bail was made to the superior court and that such court unjustifiably denied the application."

Review by extraordinary writ of an order granting bail pending appeal is available and most efficacious. (Cf. *People* v. *Superior Court* (*Ruiz*) (1986) 187 Cal.App.3d 686, 688 [234 Cal.Rptr. 214].) We also conclude the People may appeal an order granting bail pending appeal even though in most cases such remedy may be inadequate due to delay.[14]

" 'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases' [Citation.] Those circumstances are enumerated in section 1238." (*People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622].) "[T]he courts are precluded from so interpreting section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature." (*People* v. *Gaines* (1980) 112 Cal.App.3d 508, 512 [169

---

[14]In *People* v. *Lowery* (1983) 145 Cal.App.3d 902 [194 Cal.Rptr. 815], the defendant argued the trial court erred in denying bail and stay of execution pending appeal. The appellate court stated: "The appropriate procedure for challenging these decisions is by writ of habeas corpus or an application for bail pending appeal under rule 32(b) of the California Rules of Court. To include them in the brief on appeal is pointless, since they will be mooted whether the conviction is affirmed or reversed. We have therefore given no consideration to these arguments." (*Id.* at p. 904.)

Cal.Rptr. 381].) However, we are of the opinion the People's appeal here is properly before us under section 1238, subdivision (a)(5).

The issue is whether the order granting McGuire bail pending appeal affects "the substantial rights of the people." (§ 1238, subd. (a)(5).) In *People* v. *Garcia* (1931) 120 Cal.App. Supp. 767 [7 P.2d 401], the court stated in order to affect the People's substantial rights an order "must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made. [Citations.]" (*Id.* at p. Supp. 770.)[15]

Various types of orders after judgment have been determined to be appealable by the People under section 1238, subdivision (a)(5), as affecting their substantial rights. (*People* v. *Perez, supra,* 23 Cal.3d at p. 549, fn. 2, order staying execution of sentence; *People* v. *Warner* (1978) 20 Cal.3d 678, 682, fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237], order suspending execution of sentence and granting probation; *People* v. *Gilbert* (1944) 25 Cal.2d 422, 444 [154 P.2d 657], order modifying judgments of death after affirmance of those judgments on appeal; *People* v. *Minjarez* (1980) 102 Cal.App.3d 309, 312 [162 Cal.Rptr. 292], order granting custody credits; *Daudert* v. *People* (1979) 94 Cal.App.3d 580, 585 [156 Cal.Rptr. 640], order denying the People's motion to vacate an order granting a certificate of rehabilitation; *People* v. *Holly, supra,* 62 Cal.App.3d at pp. 801-802, order implementing § 654's prohibition against multiple punishment; and *People* v. *Maggio* (1929) 96 Cal.App. 409, 410 [274 P. 611], order modifying a judgment after affirmance of judgment on appeal.) In *People* v. *Maggio, supra,* the appellate court stated: "The People have a right to rely upon the finality of judgments and to know when a judgment has become final that there has been an end to that particular litigation. To say that the rights of plaintiff have not been substantially affected would . . . deal a vital blow to the sanctity of judgments." (96 Cal.App. at p. 410.)

We conclude section 1238, subdivision (a)(5), authorizes the People's appeal of the order granting McGuire bail pending appeal. The order releasing a convicted felon into society affects enforcement of the judgment and implicates the People's substantial rights to security. (Cf. *People* v. *Garcia, supra,* 120 Cal.App. at p. Supp. 770.)

---

[15]In *People* v. *Garcia, supra,* 120 Cal.App. Supp. 767, the court concluded an order directing the return of liquor to the defendant did not affect the People's substantial rights because "a proceeding by the owner to recover possession of property unlawfully seized is independent of the criminal proceeding in which it is sought to use such property as evidence [and] his motion for its return is not properly a part of the trial of that criminal proceeding, . . ." (*Id.* at p. Supp. 770.)

B

*Order Granting Bail on Appeal Was Not an Abuse of Discretion*

 The grant of bail to McGuire was a matter of discretion. (§ 1272, subd. (3); *In re Hernandez* (1991) 231 Cal.App.3d 1260, 1262 [282 Cal.Rptr. 709].) Section 1272.1 sets forth criteria for the exercise of such discretion.[16] The People contend the superior court abused its discretion in granting McGuire bail on appeal because there was assertedly no substantial legal question on the issue whether section 1203.07, subdivision (a)(11), eliminates a trial court's section 1385 discretion to strike a prior conviction finding for the purpose of placing a defendant on probation. The People assert that issue was decided in *People* v. *Pacheco, supra,* 176 Cal.App.3d 100. However, we conclude the superior court acted within its discretion in concluding McGuire's appeal raised a substantial legal question which, if decided in McGuire's favor, would likely result in reversal of his sentence.

In finding McGuire's appeal presented a substantial legal question, the superior court noted language in Health and Safety Code section 11370— "virtually identical" to section 1203.07's language—was determined in our decision in *People* v. *Ruby, supra,* 204 Cal.App.3d 462, not to eliminate a trial court's discretion under section 1385 to strike a prior conviction finding for the purpose of granting a defendant probation. The superior court stated: "I would have anticipated or would have thought at the time were I sitting on the *Ruby* case that the language was so clear that the defendant would be absolutely ineligible. That's what it says. But our 4th District in *Ruby* said that's not the case. [¶] They did a legislative analysis and apparently as a part of that appeal the legislative history of that section was such that notwithstanding what it says, the court maintains its discretion under 1385 to strike it." The superior court also noted although *People* v. *Pacheco, supra,* 176 Cal.App.3d 100, involved section 1203.07, that case was decided before enactment of the statute's subdivision (a)(11).

In sum, the superior court reasonably concluded in light of this court's decision in *People* v. *Ruby, supra,* 204 Cal.App.3d 462, McGuire's appeal raised a substantial legal issue. (§ 1272.1, subd. (c).) Thus, the superior

---

[16]Section 1272.1 provides in relevant part: "Release on bail pending appeal under subdivision (3) of Section 1272 shall be ordered by the court if the defendant demonstrates all the following: . . . [¶] (c) The appeal is not for the purpose of delay and, based upon the record in the case, raises a substantial legal question which, if decided in favor of the defendant, is likely to result in reversal. [¶] For purposes of this subdivision, a 'substantial legal question' means a close question, one of more substance than would be necessary to a finding that it was not frivolous. In assessing whether a substantial legal question has been raised on appeal by the defendant, the court shall not be required to determine whether it committed error."

court acted within its discretion in granting McGuire bail on appeal. (§ 1272, subd. (3).)[17]

DISPOSITION

The judgment and order are affirmed.

Benke, J., and Huffman, J., concurred.

---

[17]Rule 31(d) provides if an appeal from a judgment of conviction entered upon a guilty plea is based solely on grounds occurring after entry of the plea which do not challenge the plea's validity, section 1237.5's provisions "requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."

The People attack McGuire's notice of appeal as facially defective and thus not "operative" under rule 31(d) because it did not contain a statement the appeal was based upon grounds occurring after entry of the plea which did not challenge its validity. Thus, according to the People, the superior court lacked jurisdiction to grant bail on appeal because there was no "operative" appeal. However, we do not reach that issue because we have granted McGuire's motion to amend his notice of appeal to comply with rule 31(d) and McGuire has filed an amended notice of appeal stating: "This appeal is based on the sentence or other matters occurring after the plea. It is based solely on grounds entered after plea and does not challenge the plea."