[No. B065808. Second Dist., Div. Five. Mar. 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR ANTHONY VALENZUELA, Defendant and Appellant.

**COUNSEL**

Kim James Kakadelas, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Linda C. Johnson and Arthur H. Auerbach, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J**—Victor Anthony Valenzuela appeals from the judgment entered following his negotiated pleas of guilty to second degree robbery

(Pen. Code, § 211)[1] and grand theft of a motor vehicle (§ 487h, subd. (a)) and admissions that he used a knife in the commission of both crimes. (§ 12022, subd. (b).) He contends: "I. The trial court should have dismissed the Penal Code section 487h(a) count as a lesser included offense of the Penal Code section 211[.] [¶] II. Appellant maintains that a sufficient Penal Code section 654 challenge or claim was made at the time of the plea so as to vitiate the effects of rule 412 of the Rules of Court[.] [¶] III. The plea bargain, in part, was improper in that it resulted in no reciprocal benefit to appellant[.]"

The preliminary hearing transcript reflects that at approximately 5:55 p.m. on June 24, 1991, Arnold Osuna, the codefendant, entered a Domino's Pizza restaurant in Los Angeles and spoke with the manager about using the restroom. While they conversed, Sara Ayala, who worked at the restaurant, took four pizzas to her automobile for delivery. Ms. Ayala entered the car and put the pizzas and her purse on the passenger seat. The purse contained $200 and Ms. Ayala had also placed some money from tips in the ash tray of the automobile. Before she could close the door, defendant began pulling and pushing her around. He ordered her to give him the key and everything she had and poked her arm with a knife, scratching her and causing her arm to bleed. Ms. Ayala threw the keys at defendant and fled from the automobile. Defendant entered the car, opened the door on the passenger side for Mr. Osuna, then drove off. The purse was returned to Ms. Ayala the next day. It contained all her documents, but her money was missing. She was also taken to her automobile and found that the antenna and the right mirror had been broken.

Mr. Osuna and defendant pled guilty at the same hearing. The court indicated that, as to defendant, it would approve a plea agreement calling for a prison term of four years and, as to Mr. Osuna, a prison term of seven years. The court next asked whether the People wanted a plea to both counts. When the prosecutor answered in the affirmative, the court asked defendant and Mr. Osuna whether that was their understanding. Both replied, "Yes," and both defense counsel indicated that was their understanding, as well.

Mr. Osuna's counsel then stated, "The only thing I would ask, your Honor, if we can just take a plea to count I [the robbery count]." The court responded: "People want a plea to both counts. They are recommending something higher than I am going to give, so I cannot—if they want a plea on both counts I have to take a plea on both counts." Mr. Osuna's counsel said, "All right." The court again questioned defendant and Mr. Osuna to ascertain that they understood they were pleading to both counts. The court

---

[1]All future statutory references are to the Penal Code.

also verified that the two understood that they were giving up certain constitutional rights by pleading guilty.

At sentencing, the court indicated that it had read and considered the probation report, which reflected that defendant had a lengthy history of criminal offenses. The report listed six aggravating factors and no mitigating factors and recommended imposition of the upper term. The court imposed the bargained-for sentence of four years, consisting of the middle term of three years for robbery and a one-year enhancement for use of a knife. The court also imposed a three-year term for grand theft of a motor vehicle, with a one-year knife-use enhancement, to run concurrently. Defense counsel questioned the sentence, indicating he was not present at the taking of the plea but believed the robbery "was of the car so I was thinking maybe count II [grand theft of a motor vehicle] should be stayed under 654 as opposed to run concurrent, but I don't know what the factual basis of the plea was." The court responded that it could not remember either, but "it is a no harm, no foul, isn't it?" Defense counsel responded, "Basically true . . . ." Defendant did not seek the issuance of a certificate of probable cause pursuant to section 1237.5, subdivision (b).

■ The related contentions that, because grand theft of an automobile is a lesser included offense of robbery, the court should have dismissed the less serious count and the plea bargain was improper to the extent it resulted in no reciprocal benefit to defendant may not be raised on appeal because defendant pled guilty and failed to secure a certificate of probable cause pursuant to section 1237.5. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308] [certificate of probable cause requirement applies when a defendant is challenging the validity of a plea and events occurring prior to the time of the admission]; *People* v. *Guzman* (1991) 226 Cal.App.3d 1060, 1065 [277 Cal.Rptr. 286] [cannot challenge defense counsel's effectiveness prior to a plea without compliance with section 1237.5]; *People* v. *McNight* (1985) 171 Cal.App.3d 620, 624 [217 Cal.Rptr. 393] [defendant's claims concerning the sentence really went to the heart of the plea agreement and it was essential to obtain a certificate of probable cause]; *People* v. *Arwood* (1985) 165 Cal.App.3d 167, 172 [211 Cal.Rptr. 307] [cannot challenge whether admitted felony was within the scope of section 667 without complying with section 1237.5]; *People* v. *Sabados* (1984) 160 Cal.App.3d 691, 695-696 [206 Cal.Rptr. 799] [failure to secure a certificate of probable cause precluded argument that sentence was disproportionate]; *People* v. *LaJocies* (1981) 119 Cal.App.3d 947, 957 [174 Cal.Rptr. 100] [a guilty plea bars attack on prior conviction]; *People* v. *Pinon* (1979) 96 Cal.App.3d 904, 910 [158 Cal.Rptr. 425] [guilty plea precludes raising issue of factual basis of plea on appeal].) Accordingly, questions concerning lesser

included offenses and the absence of any reciprocal benefit to defendant are not properly before this court.

The contention that the concurrent terms and enhancements violated the section 654 likewise may not be raised on direct appeal. The Attorney General is correct that defendant is precluded from raising any issue concerning section 654 because that question was not raised at the time the trial court set forth the plea agreement. Rule 412(b) of the California Rules of Court states: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of a sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." In the present case, defense counsel never raised the double punishment issue when defendant entered his plea. Accordingly, any issue concerning section 654 has been waived.

The judgment is affirmed.

Grignon, J., and Armstrong, J., concurred.