Filed 4/21/15  P. v. Delgado CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061253 |
| v. | (Super.Ct.No. RIF1204301) |
| BONIFASIO DELGADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judge Mark Mandio, Judge.  Affirmed with directions.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Scott C. Taylor, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On June 20, 2013, an amended information[1] charged defendant and appellant Bonifasio Delgado, Jr. with the following:

*Offenses Occurring on October 10, 2012*

Count 1: Child endangerment of John Doe 1 under Penal Code section 273a, subdivision (a);

Count 2: Child endangerment of John Doe 2 under Penal Code section 273a, subdivision (a);

Count 3: Possession of methamphetamine for sale under Health and Safety Code section 11378;

Count 4: Possession of cocaine for sale under Health and Safety Code section 11351;

Count 5: Possession of methamphetamine while armed with a loaded, operable firearm under Health and Safety Code section 11370.1;

Count 6: Possession of a firearm by a person previously convicted of a felony violation of Health and Safety Code section 11377, subdivision (a), under Penal Code section 29800, subdivision (a)(1);

---

[1] The amended information consolidated two separate informations; case No. SWF1208311 was consolidated with case No. RIF1204301.

Count 7:  Carrying a loaded firearm in a vehicle in a public place by a person previously convicted of a felony violation of Health and Safety Code section 11377, subdivision (a), under Penal Code section 25850, subdivision (c)(1); and

Count 8:  Deterring an executive officer under Penal Code section 69.

*Offense Occurring on December 12, 2012*

Count 9:  Possession of cocaine under Health and Safety Code section 11350, subdivision (a).

The amended information also alleged two prior prison terms under Penal Code section 667.5, subdivision (b), and one prior felony strike under Penal Code section 667, subdivisions (c) and (e)(1).

Pursuant to a plea agreement, on April 9, 2014, defendant pled guilty to all counts and alleged priors.  Thereafter, the trial court sentenced defendant to 11 years 4 months in prison.

On May 29, 2014, defendant filed a notice of appeal.  He did not seek or obtain a certificate of probable cause under Penal Code section 1237.5, subdivision (b).  On appeal, defendant contends that (1) the abstract of judgment should be corrected; (2) count 6 should be stricken because it is a lesser included offense of count 7, or in the alternative, his sentence on count 6 should be stayed under Penal Code section 654; and (3) the sentence on count 5 must be stayed under Penal Code section 654.  For the reasons set forth below, we shall order the abstract of judgment to be modified to correctly reflect

3

that the trial court struck, rather than stayed, defendant's two prior prison term enhancements.  In all other respects, the judgment is affirmed.

II

STATEMENT OF FACTS[2]

On October 10, 2012, the police received a call reporting a drug deal about to take place at the Dollar Store in Corona, California.  The caller gave a description of a person and vehicle involved.  Los Angeles County Deputy Sheriffs Tom Harris and Mario Garcia responded, along with other deputies from the department.  In the parking lot, the deputies saw defendant, who matched the suspect description, standing near a light-colored Nissan Sentra with a three or four-year-old child.  A second child was asleep in a car seat inside the car.

When Deputy Harris approached defendant, he turned away and placed his hands inside his waistband.  Fearing that defendant was reaching for a gun, Deputy Harris pointed his gun at defendant and ordered him to show his hands.  Defendant placed a small baggie containing a white powdery substance into his mouth.  Another small baggie containing .23 grams of cocaine fell to the ground.

Deputy Harris grabbed defendant by the back of his neck, took him to the back trunk of the Nissan, and ordered him to spit out the bag.  Defendant began chewing.  Deputy Harris saw the white powder start to foam out of the side of defendant's mouth.

---

[2]  Because defendant pled guilty, the statement of facts is taken from the preliminary hearings in case Nos. RIF1204301 and SWF1208311.

4

Defendant then spread his legs and attempted to spin out of Deputy Harris's control. Another deputy performed a "leg sweep" on defendant and the deputies took defendant to the ground. The deputies then took defendant into custody and placed him in the back of the police car.

The young child who had been standing next to defendant during the altercation was crying hysterically. A deputy put the child in the front seat of the police car where defendant was being held. Eventually, defendant's sister came to the location and took custody of both children.

Deputy Garcia searched the Nissan. Inside, he found a loaded Bryco .380-caliber semi-automatic handgun wedged between the driver's seat and the center console, a plastic sandwich bag containing four smaller individually-wrapped packages containing methamphetamine underneath the front driver's seat, and another plastic bag containing methamphetamine in the center console. In total, defendant had in his possession approximately 12 grams of methamphetamine, which had a street value of about $3,500. He also had approximately .23 grams of cocaine. When Deputy Garcia patted down defendant, he found one thousand dollars in different denominations on his person.

Deputy Garcia opined that defendant possessed the methamphetamine and cocaine with the intent to sell. The deputy also opined that the fact defendant was armed while selling drugs created a dangerous situation. Defendant was previously convicted of possession of a controlled substance on July 9, 2009.

On December 12, 2012, Riverside County Sheriff's Deputy Richard Williams assisted another deputy in transporting defendant from the intersection of Corydon and Palomar in Riverside, to the Carl's Jr. parking lot on Murrieta Hot Springs and the I-215, where Deputy Williams passed defendant to a community service officer to drive defendant to the jail in Riverside County. Deputy Williams checked the backseat of his patrol car prior to putting defendant in the back. The community service officer took custody of defendant and searched him in the presence of Deputy Williams. The community service officer removed a white, crystal-type rock substance from defendant's right rear pocket and handed it to Deputy Williams. Deputy Williams tested the substance, which weighed .1 gram; it tested positive for cocaine.

When Deputy Williams checked the back of his patrol car, he found white granules consistent with the rock cocaine found in defendant's pocket. Deputy Williams tested the granules, which tested positive for cocaine.

III

ANALYSIS

A. *The Abstract of Judgment Should be Corrected*

Defendant contends that the abstract of judgment should be corrected to reflect counts 7 through 9, which were omitted in the abstract, and the People agree. A review of the abstract of judgment, however, indicates that counts 7 through 9 were not omitted. On the first page of the felony abstract of judgment, an "x" is marked in a box indicating that "additional counts are listed on attachment." On the following "attachment page,"

6

counts 7 through 9 are listed. Therefore, because counts 7 through 9 are already listed on the abstract of judgment, the abstract does not need correction to include these counts.

The People also request that the abstract be corrected to reflect that the trial court struck, rather than stayed defendant's two prison term enhancements. We agree that a review of the reporter's transcript indicates that the court struck the two prison term enhancements. Therefore, because we have the inherent power to correct clerical errors in the record to reflect the true facts, we hereby order the abstract of judgment to be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

### B. Defendant Cannot Challenge His Guilty Plea on Count 6

Defendant contends that count 6 (felon in possession of a firearm) must be stricken because it is a lesser included offense of count 7 (carrying a loaded firearm in a vehicle in a public place by a person previously convicted of a felony).

The People claim that a defendant may not challenge the validity of his guilty plea on appeal unless he has obtained a certificate of probable cause from the trial court. We agree.

Penal Code section 1237.5 prohibits a defendant from challenging the validity of a guilty plea, absent a certificate of probable cause. A defendant, therefore, cannot challenge his plea on the ground that he was improperly convicted of both a greater and lesser included offense without first obtaining a certificate of probable cause. (E.g., *People* v. *Valenzuela* (1993) 14 Cal.App.4th 837, 840; *People v. McGuire* (1993) 14 Cal.App.4th 687, 696-697.)

In response, defendant argues that "*People v. McGuire* was wrongly decided and suffers from the same fallacy as [the People's] argument: A lesser included offense for which no additional sentence is agreed or imposed adds nothing to the plea agreement." Defendant, however, fails to support this argument with relevant authority, and we have not found any. We agree with the holding in *People v. McGuire*, *supra*, 14 Cal.App.4th 687, and find defendant's argument to be without merit.

We hold that, pursuant to Penal Code section 1237.5, defendant cannot challenge the validity of his plea to count 6 because he failed to obtain a certificate of probable cause.[3]

*C. Defendant Waived His Penal Code Section 654 Claims*

Defendant claims that the trial court should have stayed his sentence for count 5 (possession of methamphetamine while armed with a loaded, operable firearm) under Penal Code section 654 because it was based on the identical acts and criminal intents as count 3 (possession of methamphetamine for sale) and count 7 (carrying a loaded firearm in a vehicle in a public place by a person previously convicted of a felony.) Moreover, as an alternate argument raised in Section II. of his brief, defendant also claims that the trial court should have stayed his sentence on count 6 (felon in possession of a firearm) under Penal Code section 654 because it was based on the identical act and criminal intent as

---

[3] Defendant also claims that, in the alternative, a separate punishment for count 6 is prohibited under Penal Code section 654. We discuss this claim in Section III(C).

count 7 (carrying a loaded firearm in a vehicle in a public place by a person previously convicted of a felony).

The People contend that defendant waived this argument under California Rules of Court, rule 4.412(b) (Rule 4.412(b)). Rule 4.412(b) requires that a defendant assert his or her Penal Code section 654 claim when the plea agreement is recited on the record to avoid abandoning the claim. Here, no claim under Penal Code section 654 was raised in the trial court.

Generally, a claim that a sentence violates Penal Code section 654 is not waived if the defendant fails to object in the trial court. (*People v. Hester* (2000) 22 Cal.4th 290, 295.) However, "defendants are estopped from complaining of sentences to which they agreed." (*Ibid*.)

In *People v. Hester*, *supra*, 22 Cal.4th 290, our Supreme Court explained that the defendant "did not raise a section 654 objection to any possible concurrent terms 'at the time the agreement [was] recited on the record,' namely, at the change of plea hearing. Therefore, he abandoned 'any claim that a component of the sentence violates section 654's prohibition of double punishment.'" (*Id*. at p. 296, brackets in original.) The court explained that "appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction." (*Id.* at p. 295.) It reasoned "that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.] While failure

9

to object is not an implicit waiver of section 654 rights, acceptance of the plea bargain here was. 'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' [Citation.]" (*Ibid*.)

The basic rule, derived from case law, is that "defendants are estopped from complaining of sentences to which they agreed." (*People v. Hester*, *supra*, 22 Cal.4th at p. 295.) One application of that rule that has been codified by the Judicial Council appears in Rule 4.412(b), which provides: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." The *Hester* court noted that under former rule 412(b) (now rule 4.412(b)), when the defendant failed to raise a Penal Code section 654 objection to any possible concurrent term at the time he entered his negotiated pleas of no contest, "he abandoned 'any claim that a component of the sentence violate[d] section 654's prohibition of double punishment.'" (*Hester*, at p. 296.)

In this case, defendant failed to assert a Penal Code section 654 claim at the time he entered his negotiated plea, nor did he attempt at sentencing to withdraw the plea on the ground of a violation of the bargain. Defendant, however, claims that Rule 4.412(b)

10

is inapplicable where, as here, the actual plea agreement between the parties was not for a specified term, but rather for an "indicated" sentence of 11 years 4 months. Contrary to defendant's claim, defendant did agree to the 11 years 4 months in his plea agreement. In his felony plea form, defendant agreed that he would plead to the sheet and admit all enhancements in exchange for the total custody term of 11 years 4 months. The form states that "[t]he custody term **will be** 11 yrs 4mo." Moreover, at the hearing wherein defendant pled guilty, the trial court went through each count and sentence to determine whether it agreed with the indicated total sentence of 11 years 4 months. The court, after going through each count and sentence, stated to defendant: "All right. Then, sir, you heard me go through each of the counts. Those will - - you heard your attorney's explanation. This plea to all these charges and enhancements and allegations *will result* in sentencing you, for the reasons I indicated, to 11 years, four months in state prison. [¶] Do you need me to go through each of the charges again and why it *will* result in 11 years, four months, or did you understand everything we just talked about." (Italics added.)

At this hearing or at the time the plea agreement was reached, defendant did not assert a Penal Code section 654 claim. At the end of the hearing, defendant was sentenced to the exact term of 11 years 4 months, to which he had agreed.

Under the circumstances of this case, defendant is estopped from challenging his sentence because he admitted to the crimes and enhancement, in exchange for an agreed upon sentence of 11 years 4 months. (*People v. Hester*, *supra*, 22 Cal.4th at p. 295.)

IV

DISPOSITION

The abstract of judgment is modified to reflect that the trial court struck, not stayed, defendant's two prior prison term enhancements. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. (Pen. Code, §§ 1213, 1216.) In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.

12